Lake, Ch. J.
The plaintiff in error brought his action in the court below upon a transcript of a judgment of the district court for Monona county, Iowa.
On the trial of the case to a jury the plaintiff was non-suited on the sole ground that the Iowa court had not acquired jurisdiction of the defendant, the court holding that a certain island where service was made on the defendant, although formerly within the state of Iowa, and a part of Monona county, by a sudden change of the-channel of the Missouri river, had become a part of the state of Nebraska, and this ruling of the court presents the only question we are called upon to decide.
It is conceded that up to within a few months before the service of process on the defendant, the main channel of the river was on the west side of the tract of land now constituting the island. It is also conceded that said island was formed by the cutting off of a point of land, and the formation of a new and distinct channel *440 farther east, through which the main body of the water has since flowed.
■ By the several acts of the Congress of the United States relating to. this subject, the middle of the main 'channel of the Missouri river was made the boundary between Iowa and Nebraska. This channel up to the time of the change before referred to, having been on the west side of the Island, the question is, did the boundary follow the river to its new channel, or remain in the old abandoned river bed ?
The supreme court of the United States, following the rule of the common and the international law in like .cases, seem to have settled this question. In the case of Missouri v. Kentucky, 11 Wall., 395, in which the boundary line between those two states was in dispute, and involving the right of jurisdiction over "Wolf Island, the court having found from the testimony that the main channel of the Mississippi river, which was the true boundary, was on the west side of the island when it was established, held that, notwithstanding the river had subsequently changed its course so as to throw the main channel on the east side thereof, the jurisdiction of the respective states was not at all affected thereby, the boundary line remaining on the west side of the island. That case was strikingly analogous in principle to the one we are now considering, and the question being one of state boundary is peculiarly within the cognizance of the federal courts, whose decisions, therefore, we feel bound to follow. It follows that the island where the service was made upon the defendant was in the state of Iowa, and within the jurisdiction of the district court for Monona county; and for error of the court in non-suiting the plaintiff, the judgment is reversed..
Reversed and remanded.